| STATE OF LOUISIANA | * | NO. 2023-K-0784 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| SAMIR NUNEZ-MELENDEZ | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 566-844, SECTION "DIVISION G"
Judge Nandi Campbell,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Mark Nguyen
Assistant District Attorney
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/RESPONDENT

Ivan Alberto Orihuela
RIGUER SILVA, L.L.C
3213 Florida Avenue, Suite C
Kenner, LA 70065

      COUNSEL FOR DEFENDANT/RELATOR

**WRIT GRANTED; RELIEF DENIED**

**DECEMBER 29, 2023**

Relator, Samir Nunez-Melendez ("Defendant"), seeks review of the district court's October 13, 2023 ruling denying his motion to suppress statement and motion to suppress evidence. For the reasons that follow, we grant the writ application, but deny the relief sought.

On January 26, 2023, an Orleans Parish grand jury returned an indictment charging Defendant with first degree rape and indecent behavior with a juvenile under the age of thirteen. After pleading not guilty, Defendant filed motions to suppress on February 6, 2023, wherein he asserted that the statement he gave to police was unlawfully obtained because he was given insufficient *Miranda* warnings and that the warrants issued to search his phone and obtain a bucchal swab were based on the unlawfully obtained statement. The district court held a hearing on October 13, 2023, following which it denied the motions to suppress.

NOPD Special Victims Child Abuse Unit Detective Mario Bravo testified at the motion hearing. Detective Bravo testified that on October 24, 2022, he investigated a sexual assault upon a twelve-year-old female ("Victim"). He and Detective Waldorious spoke to Victim's parents, who reported that they confronted Defendant and he admitted to a sexual relationship with Victim. Victim's mother showed Detective Bravo Instagram messages exchanged between Defendant and Victim in which the possibility of her pregnancy resulting from the sexual encounter was discussed. Detective Bravo also spoke to Victim, who confirmed her sexual encounter with Defendant.

Detective Bravo detained Defendant and brought him to police headquarters for questioning. At police headquarters, Detective Bravo presented Defendant with a Spanish-language waiver of rights form and read the form to Defendant.

1

Defendant acknowledged that he understood his rights and voluntarily elected to speak with the detective. Defendant admitted to engaging in sexual intercourse with Victim. Based on the interview, Detective Bravo prepared affidavits and applied for warrants to examine electronic data stored on Defendant's phone and to obtain a buccal swap from Defendant, which the magistrate issued.

On cross-examination, defense counsel interrogated the detective about the Spanish-language *Miranda* waiver of rights form. Detective Bravo stated that the form provided that Defendant had the right to an attorney and that one would be appointed to him before and during questioning in the event that he could not afford one. Detective Bravo described the form, as translated, as follows, "It says you have the right . . . to an attorney. So it says if you can not afford an attorney one will be assigned for you prior or during the interrogation if you wish."

In his writ application, Defendant claims that the *Miranda* warnings provided "failed to inform defendant that he had a right to have any counsel present before and during questioning." He continues that the warnings "were ambiguous and confusing in that they led the defendant to believe that he only had a right to appointed counsel before and during questioning if he could pay for one." Defendant cites *State v. Harris*, 11-0941 (La. App. 4 Cir. 8/2/12), 98 So.3d 903, in support of his argument that the *Miranda* warnings provided to him were insufficient.

In *Harris*, this Court reversed the district court's denial of the defendant's motion to suppress his statements, concluding that the detective's warning to the defendant that "he had a right to an attorney" was insufficient under *Miranda*. The Court explained:

> A verbatim recitation of the warnings as set out in *Miranda* is not required, and the Supreme Court has "never insisted that *Miranda* warnings be given in the exact form described in that decision." *Duckworth v. Eagan*, 492 U.S. 195, 202, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989). "The inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by *Miranda*." *Id.* at 203, 109 S.Ct. 2875. While no exact language is required, informing an individual of his right to consult with a lawyer before interrogation and to have a lawyer present with him during interrogation "is an absolute prerequisite to interrogation." *Miranda*, 384 U.S. at 471, 86 S.Ct. 1602.

*Harris*, 11-0941, p. 14, 98 So.3d at 914.

Subsequently, in *State v. Williams*, 13-1300 (La. App. 4 Cir. 6/4/14), 144 So.3d 56, the Court relied on *Harris* in finding that the *Miranda* warnings issued to the defendant were insufficient. In *Williams*, the Court held that because the interrogating officer failed to advise the defendant "that the right to an attorney included the right to speak to an attorney before police interrogation and to have an attorney present during such interrogation," the warning that he "had a right to attorney was insufficient under *Miranda*." *Id.*, 13-1300, p. 6, 144 So.3d at 59.

*Harris*'s continued viability was abrogated by the Supreme Court in *State v. Pilot*, 17-1383 (La. 10/16/17), 318 So.3d 700 (mem.), and *State v. King*, 19-01332 (La. 4/3/20), 340 So.3d 754 (per curiam), where the Court found no *Miranda* violation even when the advisement did not specify that the right to counsel attached during questioning.

In *State v. Pilot*, the district court found the following *Miranda* warnings administered to the defendant constitutionally deficient:

> You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney. If you can't afford an attorney, one will be appointed at no cost.

This Court declined to exercise its supervisory jurisdiction on the basis that the district court did not issue a substantive adverse ruling suppressing any statements. *Pilot*, 17-0606 (La. App. 4 Cir. 8/2/17) (unpub'd). On review, the Supreme Court reversed the district court's finding that the *Miranda* warnings were deficient and remanded the matter for further proceedings. *Pilot*, 17-1383, 318 So.3d 700.

In *State v. King*, the officer advised the defendant, "You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney and if you can't afford one, one will be appointed to you." The district court granted the defendant's motion to exclude his statements from trial. The State sought supervisory review. This Court denied writs because it found, consistent with *Harris*, that the *Miranda* warning was deficient because it did not advise the defendant of the temporal aspects of his right to an attorney, *i.e.*, that he had the right to an attorney both before and during any questioning. *King*, 19-0680, p. 1 (La. App. 4 Cir. 8/16/19) (unpub'd). The Supreme Court granted the State's writ application and held that "a general advisement like that given in this case suffices, and that a statement need not be suppressed because of the failure to qualify the warning with an additional advisement that the right to counsel exists both before and during questioning." *King*, 19-01332, p. 2, 340 So.3d at 755.

As in *Pilot* and *King*, nothing in the warnings administered to Defendant implied any limitations on his right to counsel and certainly not the one claimed by Defendant -- that he would, in essence, be penalized for retaining private counsel and be prohibited from consulting with his (retained) lawyer during questioning as opposed to availing himself of a lawyer appointed to him by the court to whom he would have access during the course of a custodial interrogation. Relator's claim thus lacks merit.

For the foregoing reasons, we grant the application for supervisory writ, but deny relief.

**WRIT GRANTED; RELIEF DENIED**